UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard LeRoy,                                             Civil No. 23-2033 (DWF/ECW)

        Plaintiff,

v.                                                         MEMORANDUM
                                                          OPINION AND ORDER
MAXmotive, LLC,

        Defendant.

## INTRODUCTION

This matter is before the Court on a Rule 12(b)(3) Motion to Dismiss for Improper Venue or, in the alternative, Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) brought by Defendant MAXmotive, LLC ("Defendant"). (Doc. No. 6.) Defendant asserts that this case should be dismissed for improper venue or, alternatively, transferred to the Pittsburgh Division of the United States District Court for the Western District of Pennsylvania. Plaintiff Richard LeRoy ("Plaintiff") opposes the motion. (Doc. No. 12.) For the reasons set forth below, the Court grants Defendant's motion in part and transfers this action to the Western District of Pennsylvania.

## BACKGROUND

Plaintiff is a resident of Sherburne County, Minnesota. (Doc. No. 1-1 ("Compl.") ¶ 2.) Defendant is a Pennsylvania corporation with a principal place of business in Cheswick, Pennsylvania. (*Id.* ¶ 3.) In February 2023, Plaintiff purchased a 1971 Oldsmobile model 442 W30 (the "Oldsmobile") from Defendant. (*Id.* ¶ 7.) Plaintiff

alleges that Defendant made the following statements about the Oldsmobile:  the mileage was 29,218 miles, it was in original restored condition, and it had only one owner.  (*Id.* ¶ 7(a)-(c).)  Plaintiff also alleges that in reliance on Defendant's representations, Plaintiff entered into a Vehicle Sales Agreement (the "Agreement") on February 8, 2023.  (*Id.* ¶ 8.)  The Agreement states that the Oldsmobile's mileage was 29,218.  (*Id.* ¶ 9.)  Plaintiff paid Defendant $140,250.00 for the Oldsmobile.  (*Id.*)  Also on February 8, 2023, Defendant provided Plaintiff with an Odometer Disclosure Statement (the "Disclosure") stating that the Oldsmobile's mileage was 29,218.  (*Id.* ¶ 10.)  When Plaintiff took delivery of the Oldsmobile, he discovered that the mileage was 128,218 miles.  (*Id.* ¶ 13.)[1]  After the sale, Defendant provided Plaintiff with a copy of the August 24, 2022 Oldsmobile Motor Vehicle Consignment Agreement (the "Consignment Agreement"), which stated that the Oldsmobile's actual mileage was 129,218.  (*Id.* ¶¶ 14-15.)

The Agreement also contained a "Jurisdiction, Venue and Forum" clause that provides that "[a]ny litigation or legal action related to this Agreement or to the vehicle purchased hereunder must be filed in and heard by the state and/or federal courts located in and for Allegheny County, Pennsylvania."  (Doc. No. 10 ("Maxwell Decl.") ¶ 4, Ex. A ¶ 15.)  The Agreement also states that "it was entered into at MAXmotive's premises at 1366 Old Freeport Road, Suite 700, Pittsburgh, PA 15238 (without regard to the location of the Purchaser or the address which the vehicle may be transported or delivered)."  (*Id.*)

---

[1]   In the Complaint, Plaintiff uses both 128,218 and 129,218 as the actual odometer reading.  (*See, e.g.*, Compl. ¶¶ 13, 15.)

Further, the Agreement is to be "interpreted according to the laws of the Commonwealth of Pennsylvania without regard to conflicts of laws principles." (*Id.*)

On June 15, 2023, Plaintiff filed suit against Defendant in Minnesota State Court. (Compl.) Plaintiff asserts claims for breach of contract, breach of express warranty, common law fraud/intentional misrepresentation, negligent misrepresentation, and consumer fraud, all related to the sale of the Oldsmobile. On July 6, 2023, Defendant removed this action to this Court. (Doc. No. 1.) Defendant now moves to dismiss this action for improper venue or, in the alternative, to transfer this action to the Pittsburgh Division of the United States District Court for the Western District of Pennsylvania.

## DISCUSSION

Defendant moves to dismiss this action under Rules 12(b)(3) or, in the alternative, to transfer the action under 28 U.S.C. § 1404(a). In short, Defendant argues that the Agreement's forum selection clause covers Plaintiff's claims and therefore, this action should have been filed in the Western District of Pennsylvania.

The Court does not reach the issue of whether venue is proper in this district because this case is appropriately analyzed under 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant to § 1404(a), the Court must consider the convenience of the parties, the convenience of the witnesses, and the interests of justice. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In considering these factors, the Court must make a

"case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.*  Generally, the burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999).  However, where there is a valid and applicable forum selection clause, that becomes a "significant factor that figures centrally in the district court's calculus." *Terra Int'l*, 119 F.3d at 691.

There is no dispute that Plaintiff's claims, as alleged in the Complaint, all relate to Defendant's sale of the Oldsmobile to Plaintiff.  There is also no dispute that the Agreement contains a forum selection clause requiring all disputes relating to the Agreement or to the Oldsmobile be filed in Pennsylvania.  (*See* Agreement ¶ 15.)  Moreover, the forum selection clause is set forth separately under the underlined heading "Jurisdiction, Venue and Forum."

In this district, forum selection clauses are presumptively valid and enforceable. *See, e.g.*, *Siebert v. Amateur Athletic Union of the U.S., Inc.*, 422 F. Supp. 2d 1033, 1046 (D. Minn. 2006) (citing *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999)) ("Forum selection clauses are presumptively valid and enforceable, unless unjust, unreasonable, procured through fraud or overreaching, or unless they would effectively deprive the opposing party of a meaningful day in court.").  Plaintiff argues that the Agreement's forum selection clause should not be enforced because it is a contract of adhesion, there was a disparity between the parties in bargaining power, and the forum selection is problematic in light of Defendant's allegedly fraudulent activities.

4

Generally, adhesion contracts are "imposed on the public for [a] *necessary* service on a 'take it or leave it' basis." *Brenner v. Nat'l Outdoor Leadership Sch.*, 20 F. Supp. 3d 709, 717 (D. Minn. 2014) (emphasis in original) (citation omitted). There must also "be a showing that the parties were greatly disparate in bargaining power, that there was no opportunity for negotiation *and* that the services could not be obtained elsewhere." *Id*. (emphasis in original) (citing *Schlobohm v. Spa Petite, Inc.*, 326 N.W.2d 920, 924-25 (Minn. 1982)). Here, Plaintiff argues that while he is an attorney, he is not a classic car expert, and that he bargained with Defendant, who is a classic car expert. Plaintiff maintains that this specific disparity is relevant and that he had no ability to negotiate due to the disparate bargaining power. The Court disagrees. Plaintiff acknowledges that he negotiated the purchase price of the Oldsmobile. (Doc. No. 14 ("LeRoy Decl.") ¶ 11.) Further, Defendant points to evidence that Plaintiff had general legal and business sophistication, as well as personal experience negotiating the purchase of other specialty used vehicles. (Doc. No. 9 ("Ellingson Decl.") ¶¶ 2 & 3, Ex. A & B; *see generally* Doc. No. 18 ("2d Ellingson Decl.").)

In addition, the Oldsmobile is not a product of public necessity. *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Silicon Valley Fence Sales, Inc.*, Civ. No. 20-2291, 2021 WL 37686, at *8 (D. Minn. Jan. 5, 2021) (noting that public necessities generally include things like common carriers, hospitals and doctors, public utilities, etc.). Nor has Plaintiff demonstrated that the car, while rare, was otherwise unavailable. *See Lindsley v. DaimlerChrysler Fin. Servs. Ams., LLC*, Civ. No. 08-1466, 2009 WL 383616, at *2 (D. Minn. Feb. 11, 2009) ("[A] contract for the financing of the purchase of a motor vehicle

is not a contract for a public necessity and there has been no showing that financing could not have been obtained elsewhere.").

Based on the above, the Court concludes that the forum selection clause was the result of an arm's length negotiation and is not a contract of adhesion. Accordingly, Plaintiff bears the "heavy burden of proof" to avoid the forum selection clause. *See Servewell Plumbing, LLC* v. *Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006) (explaining that a party challenging a forum selection clause that is the result of an arm's length negotiation bears a "heavy burden of proof" to avoid the clause). Only a "compelling and countervailing reason" will excuse enforcement of the clause, such as being the product of fraud or overreaching. *Id*.

Plaintiff argues that the forum selection clause should be invalidated because of Defendant's alleged fraud. In particular, Plaintiff asserts that Defendant had actual knowledge of the Oldsmobile's true mileage when it was negotiating and that it made misrepresentations about the mileage during negotiations. "A 'forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion.'" *See Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) (emphasis in original) (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)). Here, the alleged fraud relates to the sale of the Oldsmobile and representations about the mileage on the odometer. There is no evidence that that alleged fraud related in any way to the insertion of the forum selection clause into the Agreement. Moreover, there is no other evidence of overreaching. For example, there

has been no showing that Plaintiff was unaware of the clause before signing the Agreement or that the clause was hidden or ambiguous.

While the fact that Plaintiff resides in Minnesota will make it less convenient for him to litigate this case in Pennsylvania, Plaintiff agreed to that forum when he signed the Agreement.  Thus, the convenience of the parties does not weigh in favor of maintaining this action here.  In addition, Defendant has shown that a greater number of witnesses are located in Pennsylvania.  Finally, the interests of justice will be served by honoring the forum selection clause that was agreed upon by the parties.

For all of the reasons stated above, the Court concludes that the forum selection clause is enforceable.  Under 28 U.S.C. § 1404(a), the case is properly transferred to Western District of Pennsylvania.  However, given this Court's knowledge of classic cars, sometimes referred to as muscle cars, it is difficult for the Court to understand why the parties do not resolve this matter before large amounts of attorneys' fees and costs are expended.  And, consistent with other cases, even though the Court grants the motion to transfer venue, the Court, including the magistrate judge, will remain available for any settlement discussions, if agreed to and requested by the parties.  An early settlement to this case, whether it involves compensation by the Defendant to the Plaintiff or the return of the Oldsmobile to the Defendant, appears to be in the best interest of the parties.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.       Defendant's Motion to Dismiss for Improper Venue or, in the alternative, Motion to Transfer Pursuant to 18 U.S.C. § 1404(a) (Doc. No. [6]) is **GRANTED IN PART** in that the Court grants Defendant's motion to transfer venue.

2.       This action is properly transferred to the Pittsburgh Division of the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1404(a).

3.       The Clerk of Court is directed to effect the transfer.

Dated:  November 9, 2023              s/Donovan W. Frank
                                                      DONOVAN W. FRANK
                                                      United States District Judge